ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ALEXANDER DEL VALLE DÍAZ<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202400646 | *Revisión Judicial* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 148013<br><br>Sobre: No Concesión del Privilegio de Libertad Bajo Palabra |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparece Alexander Del Valle Díaz ("señor Del Valle Díaz" o "Recurrente") mediante solicitud de revisión administrativa y nos solicita que revoquemos la *Resolución* emitida el 20 de septiembre de 2024 y notificada el 17 de octubre de 2024, por la Junta de Libertad Bajo Palabra ("JLBP"). Mediante el referido dictamen, la JLBP denegó el privilegio de libertad bajo palabra solicitado por el Recurrente, por no haber provisto una vivienda viable.

Por los fundamentos que expondremos a continuación, se *Confirma* el dictamen recurrido.

**I.**

El señor Del Valle Díaz cumple una sentencia de noventa y nueve (99) años, por asesinato en primer grado, tentativa de asesinato e infracción a los Artículos 6, 8 de la derogada Ley Núm. 17 de 19 de enero de 1951, según enmendada, conocida como "*Ley de Armas de Puerto Rico de 1951*", 25 LPRA ant. secs. 416 y 418. El 28 de noviembre de 2023, la JLBP adquirió jurisdicción sobre el caso.

Tras evaluar los documentos referidos por el Departamento de Corrección y Rehabilitación, la JLBP dictaminó no conceder el privilegio de

libertad bajo palabra al señor Del Valle Díaz, mediante *Resolución* emitida el 20 de septiembre de 2024 y notificada el 17 de octubre de 2024. En lo aquí pertinente, emitió la siguiente determinación de hecho: "*3. El peticionario presenta en su plan de salida vivienda que luego de ser corroborada por el DCR, entendemos que no es viable*".[1] Asimismo, la JLBP informó que volvería a considerar el caso en junio de 2025.

Inconforme, el señor Del Valle Díaz acudió ante esta Curia mediante *Recurso de Revisión Especial.* En síntesis, el Recurrente aduce que incidió la JLBP al sostener que la vivienda propuesta no era viable.

Por su parte, el 21 de enero de 2025, la JLBP presentó su alegato en oposición. Perfeccionado el recurso y contando con la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

La Sección 4.1 de la Ley Núm. 38-2017, según enmendada, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico ("LPAU"), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 96, 113-114 (2023). Es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Íd.*

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "*evidencia sustancial que obra en el expediente administrativo*". Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que,

---

[1] Véase, Apéndice de la Parte Recurrente, a la pág. 3 (*Resolución*).

los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "*[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal*". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "*los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra*". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación,* 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garaje Isla Verde, supra.* Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque esta no tiene que ser la única o la más razonable. *Hernández Feliciano v. Mun. Quebradillas, supra.*

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el

expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Íd.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Junta de Planificación, supra; Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

**-B-**

La Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como "*Ley de la Junta de Libertad Bajo Palabra*" ("Ley 118"), 4 LPRA sec. 1501 *et seq.*, creó la JLBP. El Artículo 3 de la Ley 118, 4 LPRA sec. 1503, le confirió a la JLBP el poder de "*decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico*".

El procedimiento para la concesión de la libertad bajo palabra está regulado por el Reglamento Núm. 9232, *Reglamento de la Junta de Libertad Bajo Palabra,* aprobado el 18 de noviembre de 2020 ("Reglamento Núm. 9232"). Así pues, el Artículo X, Sección 10.1 del Reglamento Núm. 9232 estipula los criterios, con relación al peticionario, que la JLBP deberá tomar en consideración al conceder o denegar el privilegio. En lo aquí pertinente, la JLBP tendrá que examinar lo siguiente:

7. **Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.**

[…]

   e.    Residencia

[…]

          iv.    Para determinar si la vivienda propuesta es viable, la Junta considerará:

(a)     Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.

(b)     Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.

(c)     Condición de la planta física de la residencia y cantidad de habitantes de la misma.

**(d)     Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito.**

(e)     Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.

(f)     **Cualquier otra consideración que la Junta estime pertinente** dentro de los méritos del caso individual. Artículo X, Sección 10.1 (7), Reglamento Núm. 9232.

(Énfasis suplido)

A pesar de su inaplicabilidad al caso de marras, entendemos meritorio destacar que, posterior a emisión de la *Resolución* aquí recurrida, el Reglamento Núm. 9232 fue derogado por el Reglamento Núm. 9603, *Reglamento de la Junta de Libertad Bajo Palabra*, aprobado el 25 de septiembre de 2024 ("Reglamento Núm. 9603"). En lo aquí pertinente, el Reglamento Núm. 9603 aclaró que, para conceder el beneficio de libertad bajo palabra, la JLBP deberá tomar en consideración "*[s]i la residencia propuesta está a **30 millas de distancia en vehículo de la residencia de la parte perjudicada***". (Énfasis suplido). Art. X, Sec. 10.1 (B) (8) (e) (iv) (d).

Nuestro más Alto Foro ha reconocido que "*el beneficio de la libertad bajo palabra **no es un derecho reclamable, sino un privilegio** cuya concesión y administración recae en el tribunal o en la Junta*". (Énfasis suplido). *Quiles v. Del Valle*, 167 DPR 458, 475 (2006).

**III.**

El señor Del Valle Díaz sostiene que la JLBP erró al no conceder el privilegio de libertad bajo palabra, tras determinar que la vivienda propuesta no era viable. Aduce, además, que cumple con los criterios de elegibilidad para ser acreedor de tal privilegio. No le asiste la razón. Veamos.

Según el Reglamento Núm. 9232, vigente al momento de que la JLBP emitió la *Resolución* recurrida, al determinar si una vivienda es viable, se deberá tomar en consideración la distancia entre el hogar propuesto por el confinado y el lugar donde reside la parte perjudicada. Posterior a la notificación del dictamen recurrido, se promulgó y entró en vigor el Reglamento Núm. 9306, el cual derogó el antiguo Reglamento Núm. 9232. Mediante el nuevo Reglamento se especificó que, se tomaría en consideración si la residencia propuesta se encontraba a una distancia de 30 millas de la vivienda de la parte perjudicada.

En el caso de marras, la JLBP le denegó al Recurrente el privilegio de libertad bajo palabra, tras evaluar la residencia propuesta y determinar que no era viable, debido a su cercanía a la residencia de la parte perjudicada. Asimismo, surge del expediente que, al momento de emitir su determinación, la JLBP también tomó en consideración la naturaleza y circunstancias de los delitos violentos cometidos por el señor Del Valle Díaz.

En vista de lo anterior, no podemos concluir, como aduce el Recurrente, que cumple con los criterios de elegibilidad para ser acreedor del privilegio de libertad bajo palabra. Examinado el expediente, constatamos que la determinación de la JLBP fue basada en los criterios requeridos por el *Reglamento de la Junta de Libertad Bajo Palabra.*

Finalmente, advertimos que nuestra determinación no implica que el Recurrente no pueda solicitar de nuevo el privilegio de libertad bajo palabra. Conforme surge del dictamen recurrido, en junio de 2025, tendrá la oportunidad de presentar una solicitud, a tenor con los criterios del *Reglamento de la Junta de Libertad Bajo Palabra.*

**IV.**

Por los fundamentos que anteceden, se *Confirma* el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones